UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREGORY F. SHINHOLSTER,<br><br>            Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF CORRECTIONS and OFFICER STANLEY REYNALDS,<br><br>            Defendants. | NO: 2:17-CV-141-RMP<br><br>ORDER DISMISSING COMPLAINT |

By Order filed July 13, 2017, the Court advised Plaintiff of the deficiencies of his complaint and directed him to amend or voluntarily dismiss. ECF No. 9. Plaintiff, Gregory F. Shinholster, is a former prisoner residing in Spokane, Washington. The Court granted Mr. Shinholster leave to proceed *in forma pauperis* but without the obligation to pay the filing fee in partial payments under 28 U.S.C. § 1915(b)(2). ECF No. 7. Defendants were not served.

ORDER DISMISSING COMPLAINT -- 1

The Court cautioned Mr. Shinholster that if he did not amend as directed his complaint would be dismissed for failure to obey a court Order. Mr. Shinholster has filed nothing further in this action.

## DISMISSAL FOR FAILURE TO OBEY A COURT ORDER

"Pursuant to Federal Rule of Civil Procedure 41 (b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). The district court should consider five factors when deciding whether to dismiss a case for failure to obey a court order:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Id.* at 1260-61 (citations omitted).

The first two factors weigh in favor of dismissal. The Court's and the public's interests are both served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because Defendants have not been served. Only the fourth factor arguably weighs against dismissal. However, despite the Court's instructions, Mr. Shinholster has not presented legally sufficient complaint. As for the fifth factor, the only less drastic alternative would be to allow Mr. Shinholster yet more time to amend his complaint. Mr. Shinholster, however, has already had more than three months in which to file an amended complaint, and he failed to do

ORDER DISMISSING COMPLAINT -- 2

so. Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal. On balance, the four factors that favor dismissal outweigh the one that does not. *Id.* at 1263 (citing *Malone v. United States Postal Serv*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal)).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint, ECF No. 8, be **DISMISSED WITHOUT PREJUDICE.** The Court certifies any appeal of this dismissal would not be taken in good faith.

The Clerk of Court is directed to enter this Order, enter judgment, forward copies to Plaintiff, and **close this case**.

**DATED** October 20, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge